UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CERTUSBANK, N.A. (INC.), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO.:_____ |
| MANTON FAMILY PARTNERSHIP, | ) | |
| LLLP, TRI-STATE OIL COMPANY, | ) | |
| THOMAS L. MANTON a/k/a | ) | |
| THOMAS LESLIE MANTON, and | ) | |
| GREENWOOD DEVELOPMENT | ) | |
| COMPANY, a/k/a GREENWOOD | ) | |
| DEVELOPMENT, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **COMPLAINT TO SET ASIDE FRAUDULENT TRANSFERS, FOR DAMAGES AND INJUNCTIVE RELIEF**

COMES NOW Plaintiff, and for its Complaint against Defendants, shows this Court as follows:

## **I.  INTRODUCTION**

1.

Plaintiff brings this action against Defendants to set aside certain transfers as fraudulent, to recover damages against Defendants, and for injunctive relief

against Defendants, under the Georgia Uniform Fraudulent Transfers Act, O.C.G.A. §§ 18-2-70, *et seq.,* and under common law. Plaintiff is a judgment creditor of Defendant Thomas L. Manton and of Mr. Manton's corporation, Greenwood Development, Inc. Defendants have conspired to deprive Plaintiff of its just rights as a judgment creditor.

## II. PARTIES, JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction based upon diversity of citizenship and amount in controversy under 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391.

3.

Plaintiff is a corporation organized under the laws of the State of South Carolina with its principal office located at 2400 Rexford Road, Suite 100, Charlotte, North Carolina 28211.

4.

Defendant Tri-State Oil Company ("Tri-State") is a Georgia corporation, organized in the State of Georgia with its principal office and place of doing business in Ringgold, Georgia. Defendant Tri-State may be served with service of process directed to its registered agent, Thomas L. Manton, at 11023 Alabama

Highway, Ringgold, Georgia 30736. Defendant Tri-State is subject to jurisdiction and venue in this Court.

5.

Defendant Manton Family Partnership, LLLP ("Manton Partnership") is a Georgia limited liability limited partnership organized under the laws of the State of Georgia, with its principal office and place of doing business in Ringgold, Georgia. Defendant Manton Partnership's registered agent for service of process is Thomas L. Manton, who may be served with process at 11023 Alabama Highway, Ringgold, Georgia 30736. Defendant Manton Partnership is subject to jurisdiction and venue in this Court.

6.

There are three partners of the Manton Partnership: TLM Diversified, LLC, its general partner; and Thomas L. Manton and Linda P. Manton, its limited partners. TLM Diversified, LLC, is itself a Georgia limited liability company, organized in the State of Georgia, and with its principal office and place of business in Ringgold, Georgia. Based on information and belief, the members of TLM Diversified, LLC, are Thomas L. Manton and Linda P. Manton, his wife. Thomas L. Manton and Linda P. Manton are both residents and citizens of the State of Georgia, residing at 11023 Alabama Highway, Ringgold, Georgia 30736.

7.

Defendant Greenwood Development Company a/k/a Greenwood Development, Inc. ("Greenwood") is a Georgia corporation, organized in the State of Georgia with its principal office and place of doing business in Ringgold, Georgia. Defendant Greenwood may be served with service of process directed to its registered agent, Thomas L. Manton, at 11023 Alabama Highway, Ringgold, Georgia 30736. Defendant Greenwood is subject to jurisdiction and venue in this Court.

8.

Defendant Thomas L. Manton ("Manton") is a resident and citizen of the State of Georgia, residing at 11023 Alabama Highway, Ringgold, Georgia 30736. He may be served with process at said address, and he is subject to jurisdiction and venue in this Court.

### III. STATEMENT OF FACTS

9.

Plaintiff realleges herein paragraphs 1-8, above.

10.

Defendant Thomas L. Manton and his company, Defendant Greenwood Development Company, a/k/a Greenwood Development, Inc., signed two (2)

-4-

promissory notes in favor of Plaintiff. The first note, in the sum of $241,695.16 principal, matured on November 25, 2010, and the second note, in the sum of $250,533.15 principal, matured on April 16, 2011. Manton and Greenwood defaulted on said notes, and Plaintiff filed suit in April 2011 and obtained judgment on October 1, 2012 in that certain case styled, <u>CertusBank, N.A. vs. Thomas Leslie Manton and Greenwood Development, Inc.</u>, Superior Court of Catoosa County, State of Georgia, Case Number 2011-SU-CV-859. True copies of the judgment and judgment fi.fas., and Order entered on January 9, 2012, naming Plaintiff herein as Plaintiff in that case, are attached hereto as Exhibit A ("Judgment").

## 11.

As of June 1, 2015, Defendant Manton owes Plaintiff $695,636.14, and Defendant Greenwood owes Plaintiff $368,173.37, pursuant to the Judgment.

## 12.

On or after June 13, 2011, while the Plaintiff's Castoosa County lawsuit against him was pending, Defendant Thomas L. Manton transferred at least $438,689.40 in cash-equivalent assets held in a brokerage account at Merrill Lynch, Pierce, Fenner & Smith ("Merrill Lynch") to Defendant Manton Family Partnership, LLLP. Attached hereto as Exhibit B is a true copy of Defendant

Manton's statement of account with Merrill Lynch dated June 2011 showing said transfers, obtained and discovered by Plaintiff on May 27, 2015.

13.

At all times before June 13, 2011, all said assets in said brokerage account at Merrill Lynch were held either in the name of Defendant Manton individually and/or in the name of a sham trust entitled Thomas L. Manton Loving™ Trust, which is also an alter ego of Defendant Manton. A true copy of the trust is attached hereto as Exhibit C. The effect was that Defendant Manton individually owned and used all said assets at all times.

14.

Defendant Manton at all times represented that the funds on deposit at Merrill Lynch belonged to him personally. See attached hereto as Exhibit D a true copy of Defendant Manton's July 14, 2006 personal financial statement to Plaintiff's predecessor in interest, by which Defendant Manton swore that the Merrill Lynch brokerage account was his personal asset in the sum of $866,215.00 at the time.

15.

On or after June 13, 2011, Defendant Manton transferred the $438,689.40 in his Merrill Lynch account to Defendant Manton Partnership. Upon information

and belief, Defendant Manton transferred these funds for no or insufficient consideration and in an effort to avoid payment of defendant Manton's Judgment debt to Plaintiff. Moreover, upon information and belief, Defendant Manton Partnership is an alter ego of Defendant Manton individually, as he uses said partnership to shield his assets from his creditors including Plaintiff.

16.

On February 29, 2012, Greenwood executed a warranty deed to Defendant Tri-State Oil Company conveying four tracts of real estate in Whitfield County, Georgia, as set forth in that certain deed attached hereto as Exhibit E.  Upon information and belief, Defendant Manton is principal and owner of both Greenwood and Defendant Tri-State Oil Company. Defendant Manton caused Greenwood to make said conveyance to Defendant Tri-State, in an effort to avoid paying Plaintiff, the judgment creditor of both Defendant Greenwood and Defendant Manton.

17.

Defendants Manton and Greenwood made the transfers set forth above without receiving reasonably equivalent in value in exchange for the transfer, and both Defendants Manton and Greenwood were either insolvent at the time of the transfers or became insolvent as a result of the transfers.

18.

Defendants Greenwood and Manton made the transfers set forth above with actual intent to hinder, delay or defraud Plaintiff as a creditor in collecting its debts from Defendants Manton and Greenwood.

19.

Defendants Manton and Greenwood failed to receive reasonably equivalent value in exchange for the above transfers, and they knew they were engaged or about to engage in the business or transaction for which their remaining assets were unreasonably small, and/or they intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as their debts became due.

## IV. CLAIMS FOR RELIEF

### COUNT 1

20.

Plaintiff incorporates by reference herein paragraphs 1-19, above.

21.

Defendant Manton's transfer of the Merrill Lynch account totaling $438,689.40 or more to Defendant Manton Partnership was fraudulent as to Plaintiff under the Uniform Fraudulent Transfers Act, O.C.G.A. §§ 18-2-70, *et*

*seq.*, and was particularly violative of O.C.G.A. §§ 18-2-74 and 18-2-75.

22.

Plaintiff asks that the said transfer be avoided and reversed so as to partially satisfy Plaintiff's Judgment against Defendant Manton.

23.

Plaintiff requests that the Court order that Plaintiff may levy execution on the assets transferred, including all the Manton Partnership assets and accounts held at Merrill Lynch.

## **COUNT 2**

24.

Plaintiff incorporates by reference herein paragraphs 1-23, above.

25.

Defendant Greenwood's fraudulent conveyance of the real estate to Defendant Tri-State Oil should also be set aside and avoided. Said conveyance was and is a fraudulent conveyance within the meaning of the Georgia Uniform Fraudulent Transfers Act, and particularly O.C.G.A. §§ 18-2-74 and 18-2-75.

26.

This Court should also order that Plaintiff may levy execution on said real estate held by Defendant Tri-State Oil Company.

## COUNT 3

### 27.

Plaintiff incorporates by reference herein paragraphs 1-26, above.

### 28.

Plaintiff has suffered damages as a result of Defendants' fraud and misconduct set forth in this Complaint. Plaintiff is entitled to recover from Defendants all Plaintiff's damages shown to have been caused by Defendants' wrongful actions and fraud, listed above.

## COUNT 4

### 29.

Plaintiff incorporates by reference herein paragraphs 1-28, above.

### 30.

Upon information and belief, Defendant Thomas L. Manton uses and controls Defendant Manton Partnership for his own personal benefit and to assist in evading his judgment debt to Plaintiff.

### 31.

Defendant Manton Partnership is Defendant Manton's alter ego. As such, Plaintiff's Judgment against Defendant Manton entered on October 1, 2012 (Exhibit A hereto), should be imposed against defendant Manton Partnership.

## COUNT 5

32.

Plaintiff incorporates by reference paragraphs 1-31, above.

33.

Defendants' misconduct herein was undertaken and completed with the specific intent to cause harm to Plaintiff and with the specific intent to avoid Plaintiff's Judgment against Defendants Manton and Greenwood. Accordingly, Plaintiff is entitled to recover punitive damages against Defendants, jointly and severally, pursuant to O.C.G.A. § 51-12-5.1.

## COUNT 6

34.

Plaintiff incorporates by reference paragraphs 1-33, above.

35.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense. Therefore, Plaintiff is entitled to an award of its attorneys' fees and expenses under O.C.G.A. § 13-6-11.

## COUNT 7

36.

Plaintiff incorporates by reference paragraphs 1-35, above.

37.

Plaintiff's remedies at law are not adequate. Unless this Court exercises its equitable powers in Plaintiff's favor, Plaintiff will likely suffer irreparable harm in form of further transfers by Defendants of these same assets.

38.

Pursuant to Fed.R.Civ.P. 65 and O.C.G.A. § 18-2-77(b)(3)(A), this Court should award Plaintiff injunctive relief, including a temporary restraining order, preliminary injunction and permanent injunction enjoining Defendants from any further disposition of the assets and real estate described herein.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(A)     Against Defendant Manton Family Partnership, LLLP, for the sum of $438,689.40, or whatever other and greater sum is proved at trial, plus pre-judgment and post-judgment interest as allowed by law;

(B)     Against Defendant Manton Family Partnership, LLLP, so that all transfers of Defendant Thomas L. Manton's funds in his Merrill Lynch brokerage accounts described herein be avoided and reversed;

(C)     Against Defendant Greenwood, for all Plaintiff's damages proved at trial;

(D)     Against Defendant Thomas L. Manton, for all Plaintiff's damages

proved at trial;

(E)     Against Defendant Tri-State, for all Plaintiff's damages proved at trial;

(F)     Against Defendant Manton Family Partnership, LLLP, for all Plaintiff's damages proved at trial;

(G)     Against Defendant Tri-State Oil Company, so that the four tracts of real estate located in Whitfield County transferred to Tri-State Oil Company are avoided and reversed;

(H)     That this Court order that Plaintiff may levy execution on the four tracts of real estate located in Whitfield County, so that Plaintiff may sell said real estate at levy sale and use the proceeds of the sale partially to satisfy its Judgment against Defendant Greenwood;

(I)     As Defendant Manton Partnership is the alter ego of Defendant Manton, this Court should order that Plaintiff's Catoosa County Judgment entered on October 1, 2012, be imposed against Defendant Manton Family Partnership, LLLP;

(J)     For temporary restraining order, preliminary injunction and permanent injunction against any further transfers by Defendants of the assets and real estate described in this Complaint;

(K)     For punitive damages in an amount sufficient to deter Defendants and

as shown at trial;

(L)     For Plaintiff's attorneys' fees and expenses of litigation; and

(M)     For any and all such other relief as plaintiff should prove just and

equitable.

This 3rd day of June, 2015.

STOKES LAZARUS & CARMICHAEL, LLP


By: /s/William K. Carmichael

| | |
|---|---|
| 80 Peachtree Park Drive | William K. Carmichael |
| Atlanta, GA 30309-1320 | (Georgia Bar No. 110600) |
| Tel:   (404) 352-1465 | Thomas V. Keough |
| Fax:   (404) 352-8463 | (Georgia Bar No. 415745) |
| SLC Nos. 15-03609 and 15-03610 | Attorneys for Plaintiff |
| wkc@slclaw.com | |
| tvk@slclaw.com | |